IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **IVA JEAN SMITH** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No.: _____ |
| | * | |
| **OCWEN·LOAN SERVICING LLC** | * | |
| **1661 WORTHINGTON ROAD** | * | |
| **SUITE 100** | * | |
| **P.O. BOX 24737** | * | |
| **WEST PALM BEACH, FL 33409** | * | |
| | * | |
| **SERVE ON** | * | |
| | * | |
| **CSC-LAWYERS INCORPORATING** | * | |
| **SERVICE COMPANY** | * | |
| **7 ST. PAUL STREET, SUITE 1660** | * | |
| **BALTIMORE, MD 21202** | * | |
| **Defendant** | * | |

_____

## COMPLAINT

**COMES NOW** Plaintiff Iva Jean Smith, an individual, based on information and belief, to allege as follows:

### INTRODUCTION

This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with its inaccurate reporting of Plaintiff's discharged debt.

In particular, Defendant's conduct involves improperly continuing to report delinquencies in payment Plaintiff was not personally obligated to make, after being informed of the inaccurate reporting by the Plaintiff.

Plaintiff' seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681 et. seq., and Maryland Consumer Credit Reporting Agencies Act.

## JURISDICTION AND VENUE

Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

Plaintiff. Iva Jean Smith (hereinafter "Plaintiff'), is an individual and currently resides in the Carroll County, Maryland.

Defendant, Ocwen Loan Servicing, LLC (hereinafter "Creditor") operates in Maryland and provides various mortgage services in Maryland.

The jurisdiction of this Court is based on the diversity of citizenship existing between Plaintiffs and Defendant (28 U.S.C. § 1332).

Venue is proper under 28 U.S.C. § 1391 in that all causes of action set forth in this Complaint concern obligations and events that occurred in Carroll County, Maryland. Defendant maintains sufficient minimum contacts with the State of Maryland that it can reasonably anticipate the possibility of being hailed into court in the State of Maryland.  Defendant has thus availed itself to the privilege of conducting business within the State of Maryland and it is not unreasonable to require Defendant to submit to the burden of litigation within the State of Maryland.

## GENERAL ALLEGATIONS

Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above as though fully set forth herein.

On September 8, 2011 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland.

The Debt (hereinafter "Debt"), the Plaintiff's Mortgage Loan Note on the mortgage serviced by the Defendant, has been discharged in bankruptcy on December 21, 2011.

Creditor was noticed of Plaintiff's discharge. The Plaintiff never affirmed the debt.

Plaintiff alleges that this Discharge included the debt to Creditor.

On March 12, 2014 Plaintiff received a copy of her TransUnion credit report in order to verify that the inaccuracies on Plaintiff's report were corrected. Creditor continued reporting to Experian inaccurate delinquencies in payment although Plaintiff was no longer personally obligated to pay the debt as a result of Plaintiff's bankruptcy discharge.

To date, Creditor failed to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting by the Plaintiff.

The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b).

## FIRST CAUSE OF ACTION

### (Violation of Fair Credit Reporting Act 15 U.S.C. § 168)

Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

Creditor, in the course of its regular business, reports information to credit reporting agencies.

Plaintiff promptly informed the Defendant when she discovered the negative reporting on her credit report.

The Defendant violated 15 U.S.C. 168ls-2(b)O)(A) by failing to reasonably investigate Plaintiff's request to investigate the negative reporting by the Defendant. Specifically, after receiving notice from Plaintiff, the Defendant should have discovered from its records, including the notices from the bankruptcy noticing center, that Plaintiff's account was discharged in bankruptcy. Because Plaintiff was no longer personally obligated to pay the preexisting debt with

Creditor, Creditor should not have reported the account as delinquent after Plaintiff received a discharge in bankruptcy.

The Creditor violated 15 U.S.C. 1681s-2(b)(l)(B) by failing to discover and remove the derogatory delinquent notation on Plaintiff's credit report.

Specifically, Creditor should have reported to the credit agencies that Plaintiff's credit report should indicate that Plaintiff was not delinque1lt after was discharged in bankruptcy.

Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiffs counsel's office, sending demand letters, continued impairment to her credit score, and such further expenses in an amount to be determined at trial.

As a further direct and proximate result of Defendant's acts state herein. Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award $90,000.00 in statutory and actual damages pursuant to 15 U.,S.C. § 1681n;

c. Award punitive damages in an amount to deter further unlawful conduct

pursuant to IS U.S.C. § 1681n.

d. Award attorneys fees and costs.

e. For such other and futi11er relief as the court deems appropriate under the

circumstances.

                                  Respectfully submitted,

                                  /d/ Dmitry Balannik
Dmitry Balannik, Esq., Bar ID #28856
Touchstone Law Firm, LLC
715 Rolling Fields Way
Rockville, MD 20850
Telephone: (240) 506-6850
Fax: (240) 238-7627
Email: dbalannik@touchlaw.net