IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IVA JEAN SMITH,

*Plaintiff,*

v.                                                              Civil Action No. ELH-15-00424

OCWEN-LOAN SERVICING LLC,

*Defendant.*

## MEMORANDUM

On February 12, 2015, Iva Jean Smith filed suit against Ocwen-Loan Servicing LLC, alleging that defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as well as the "Maryland Consumer Credit Reporting Agencies Act", by continuing to report her to credit reporting agencies as delinquent on debt that was discharged in bankruptcy. ECF 1. On June 15, 2015, approximately 123 days after Smith filed suit, I ordered her to show cause why her suit should not be dismissed, without prejudice, for failure to serve process on defendant within 120 days after filing suit, as required by Fed. R. Civ. P. 4(m). *See* ECF 11 (Order).

On July 3, 2015, through counsel, Smith filed a response. ECF 12. She provided the following explanation for her failure to comply, *id.* ¶¶ 2-4:

2. On June 15, 2015, the Court, noting that nothing the Plaintiff has not served [sic] the Defendant in this case ordered, the Plaintiff to show cause why this action should not be dismissed for failure to prosecute. During this period, the Plaintiff actively engaged in attempting to find an efficient manner to bring this case to a resolution without resorting to litigation.

3. The Plaintiff is now in the position to proceed with her Complaint.

4.  In light of the foregoing, the Plaintiff respectfully requests that the Court not

dismiss this action and grant the Plaintiff's request to reissue the summons.

For the following reasons, I will dismiss Smith's Complaint, without prejudice, for failure to serve process upon defendant within the time provided by Rule 4(m).

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant "within 120 days after the complaint is filed." If a defendant is not served within that time, "the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. If a plaintiff "has not effected service of process within 120 days" of filing the complaint, Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed." Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Local Rule 103.8 states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" a "time set by the Court."

Rule 4(m) was enacted in 1993 as a successor to former Rule 4(j), which required that a case "shall be dismissed" if the defendant was not served within 120 days and the plaintiff "cannot show good cause why such service was not made within that period." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999). After Rule 4(m) was enacted, the Fourth Circuit decided *Mendez v. Elliott*, 45 F.3d 75, 78 (4th Cir. 1995), in which it opined that the new Rule 4(m) represented a "renumber[ing]" of former Rule 4(j), "without a change in substance," and stated: "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Id.* at 78. In so stating, however, the *Mendez* Court did not discuss the Advisory Committee Notes to Rule

4(m), which state that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*.'" *Hammad*, 31 F. Supp. 2d at 527 (quoting Advisory Committee Notes) (emphasis altered).

After *Mendez,* the Supreme Court decided *Henderson v. United States*, 517 U.S. 654 (1996).  In dicta, the Supreme Court stated that, under Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown.'"  *Id.* at 662 (quoting Advisory Committee Notes to Rule 4(m)); *see also id.* 517 U.S. at 658 n. 5 ("Rule 4(m) ... permits a district court to enlarge the time for service even if there is no good cause shown.'").

Several decisions in the District of Maryland have observed that in this circuit it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the 120-day deadline, in the absence of good cause.  *See*, *e.g.*, *Defreitas v. Montgomery Cnty.*, PWG-12-2893, 2014 WL 31885, at *4 (D. Md. Jan. 3, 2014); *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trustees*, DKC-12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013); *Lehner v. CVS Pharmacy*, RWT–08–1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM–05–1747, 2005 WL 3593743, at *1 n.1 (D. Md. Dec. 22, 2005); *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005); *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288, 289 (D. Md. 2002); *Hammad*, 31 F. Supp. 2d at 526; *United States v. Britt*, 170 F.R.D. 8, 9 (D. Md. 1996).  Some regard *Mendez* as binding circuit precedent, *see*, *e.g.*, *Britt*, 170 F.R.D. at 9, while others have concluded that "*Mendez* is no longer good law."  *Hammad*, 31 F. Supp. 2d at 527; *see also Melton*, 211 F.R.D. at 289–90. Others have found it unnecessary to resolve definitively whether a finding of good cause is mandatory before an extension can be granted.  *See*, *e.g.*, *Lehner*, 2010 WL 610755, at *2; *Knott*,

2005 WL 3593743, at *1 n.1.  Nevertheless, other judges of this court have held that, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule."  *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3 (where plaintiff "made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m)," even assuming that the Court had discretion to excuse untimely filing, the Court would "not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").

Significantly, in *Defreitas*, *Lehner*, *Knott*, *Hoffman*, *Melton*, and *Hammad*, the courts resolved the question of timely compliance with Rule 4(m) in the context of considering a motion by a defendant, served more than 120 days after the filing of the complaint, to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  In those cases, the court had the benefit of full adversarial briefing in its consideration of the issue.

Where, as here, a plaintiff has failed to comply with Rule 4(m)'s deadline, but a defendant has not appeared or responded to plaintiff's motions, I *provisionally* granted similar motions for extension, even in the absence of a showing of good cause.  *See, e.g.*, *Omega U.S. Ins., Inc. v. Pa. Nat. Mut. Cas. Ins. Co.*, ELH–11–2297, 2012 WL 115422 (D. Md. Jan. 13, 2012); *Hai Xu v. FMS Fin. Solutions, LLC*, ELH–10–3196, 2011 WL 2144592 (D. Md. May 31, 2011); *Williams v. CompUSA*, ELH–10–2219, 2011 WL 2118692 (D. Md. May 27, 2011).  In each case, I granted the plaintiffs' motions with the express understanding that the order was without prejudice to the defendants' rights, once they appeared, to move to vacate the extension

as improvidently granted or to seek dismissal for insufficient service of process under Fed. R.

Civ. P. 12(b)(5).  *See also Uzoukwu*, 2013 WL 3072373, at *3 (Chasanow, J.) (same).

However, since the time that I issued the orders referenced above, the Fourth Circuit

appears to have clarified its position on whether a district court has discretion to extend the Rule

4(m) deadline without good cause shown.  In *Chen v. Mayor & City Council of Baltimore*, 546 F.

App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam), an unreported decision, the Court

affirmed a district court's dismissal of claims for failure to effect service of process, "for the

reasons stated by the district court."  The district court, in *Chen v. Mayor & City Council of*

*Baltimore*, 292 F.R.D. 288, 294 (D. Md. 2013), held that it had no discretion under *Mendez*,

*supra*, to extend the Rule 4(m) deadline, absent a showing of good cause.  It further held that

Chen did not show good cause.  *Id*. at 295.

Chen had argued that (1) he never received certain orders of the court; (2) he believed the

U.S. Marshal's Office would make service on his behalf; (3) his claims would be time-barred if

the complaint were dismissed; (4) he worked diligently to pursue the action; and (5) the Clerk's

office provided him with incorrect information.  *Id*. at 294.  The district court found that "Mr.

Chen's actions [spoke] louder than his words," and that the facts showed he had not diligently

pursued his claims.  *Id*. at 294-95.  Moreover, it found that Chen's statute of limitations concerns

were not relevant to the good cause showing required by Rule 4(m).  *Id*. at 295.

To show "good cause" for extension of the Rule 4(m) deadline, Smith must show that she

"made reasonable and diligent efforts to effect service prior to the 120-day limit … ."  *Quann v.*

*White–Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986); *accord Knott*, 2005 WL 3593743, at *1.

Where a plaintiff has failed to serve a defendant, judges of this Court have found a lack of good

cause in a variety of circumstances, some quite compelling.  *See*, *e.g.*, *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 78 (D. Md. 2005) (holding that murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1–2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

I might not take the harsh view of good cause described in some cases.  But, in this case, good cause is woefully inadequate.  Indeed, plaintiff has failed to show even a "reasoned basis" for an extension.  *See Uzoukwu*, 2013 WL 3072373, at *2 (quoting *Hoffman*, 379 F. Supp. 2d at 786).

As discussed above, in response to my Order to show cause (ECF 11), plaintiff explained that "during" some undefined "period", Smith "actively engaged in attempting to find an efficient manner to bring this case to a resolution without resorting to litigation."  ECF 12 ¶ 2.

Smith's explanation does not warrant an extension of the Rule 4(m) deadline, for at least two reasons.  First, Smith has *already* "resort[ed] to litigation", by filing her Complaint.  Under the Federal Rules of Civil Procedure, having already decided to file her Complaint, plaintiff now has a duty to prosecute the action within a timely manner.  *See*, *e.g.*, Fed. R. Civ. P. 4(m).  Second, Smith does not make clear whether she has been "actively engaged" in settlement efforts for the nearly five-month period since she filed suit, or only for the few weeks since she received my Order of June 15, 2015 (ECF 11).  Either way, this is no excuse for her failure to serve the defendant during the first 120 days after she filed suit.  If she has been engaged in settlement efforts since February 2015, then certainly it would not have been difficult to serve defendant

sometime in that five month period.  If she has only been engaged in settlement efforts since she received my show-cause Order, then there is no explanation whatsoever for her failure act within the Rule 4(m) deadline, prior to receipt of my Order of June 15, 2015.

Accordingly, I will dismiss plaintiff's Complaint, *without prejudice*, for failure to serve process upon defendant, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.

An Order consistent with this Memorandum follows.


Date: July 6, 2015                                    _____/s/_____
                                                      Ellen L. Hollander
                                                      United States District Judge